UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO RAFAEL RAYOAN, a minor, by and through CONSUELO ROWAN, his guardian ad litem; and CONNIE RAYOAN, individually,<br><br>                              Plaintiff,<br><br>v.<br><br>SEA WORLD, INC., et al.,<br><br>                              Defendants. | Civil No.   08cv403 DMS (CAB)<br><br>**CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br><br>**(Fed. R. Civ. P. 16)**<br>**(Local Rule 16.1)**<br>**(Fed. R. Civ. P. 26)** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference was held on May 23, 2008. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

1.      Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **June 23, 2008**.

2.      On or before **August 25, 2008**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial

testimony. On or before **September 8, 2008**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

3. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than November 18, 2008**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Except as provided in the paragraph below any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **December 2, 2008**.

5. All discovery, including expert discovery, shall be completed on or before **December 23, 2008**. *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.

6. All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **January 23, 2009**. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **For motions to be heard before the Hon. Dana M. Sabraw, be advised that the parties must file their moving papers the day the motion hearing date is received from the Court. Please plan accordingly**. You may need to contact the judge's law clerk in advance of the motion cut-off to

assess the availability of the Court's calendar. **Failure of counsel to timely request a motion date may result in the motion not being heard.**

7. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

8. A Mandatory Settlement Conference shall be conducted on **September 9, 2008**, at **2:00 p.m.** in the chambers of Magistrate Judge Cathy Ann Bencivengo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than **September 2, 2008**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

9. Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

10. In jury trial cases before the Honorable Dana M. Sabraw, neither party is required to file Memoranda of Contentions of Fact and Law.

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

11. All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **May 1, 2009**. **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

12. Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or before **May 8, 2009**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

13. The proposed final pretrial conference order shall include a brief statement summarizing the case which may be read to the jury. The pretrial conference order, including any objections the parties have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **May 15, 2009**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

14. The final pretrial conference shall be held before the **Honorable Dana M. Sabraw**, United States District Court Judge, on **May 22, 2009**, at **10:30 a.m.**

15. A Settlement Conference will be held **on June 17, 2009**, at **2:00 p.m**. All parties or their representatives who have authority to enter into a binding settlement, in addition to the attorneys participating in the litigation, shall be present at the conference. (see Para. 9, *supra*)

16. A trial will be held before the **Honorable Dana M. Sabraw**, United States District Court Judge, on **July 6, 2009**, at **9:00 a.m.**

17. The dates and times set forth herein will not be further modified except for good cause shown.

///
///

18. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

19. A copy of chamber rules for civil discovery disputes is attached for your information.

**IT IS SO ORDERED**.

DATE: May 27, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

**HONORABLE CATHY ANN BENCIVENGO**
**U.S. MAGISTRATE JUDGE**
**CHAMBER RULES**

**CIVIL DISCOVERY DISPUTES**

1. Prior to bringing any discovery dispute to the Court, counsel must meet and confer pursuant to Local Rule 26.1.

2. If the parties have not resolved their dispute through the meet and confer process, then the procedure shall be as follows:

    A. Counsel for the moving party shall e-file an ex parte application (not to exceed 10 pages) to request a telephonic discovery hearing. The application shall include a) the moving party's memorandum of points and authorities and affidavits in support of the discovery motion and b) an affidavit with a detailed description of the attempts by counsel to meet and confer. Any exhibits accompanying the application shall NOT be e-filed; rather, all exhibits shall be lodged directly with the chambers of Judge Bencivengo.

    B. The law clerk assigned to the case will then contact the parties to set a briefing schedule and, if required, a telephonic hearing date.

    C. All opposition (10-page maximum) and reply (5-page maximum) briefs shall be e-filed in accordance with the briefing schedule set by the court. Any accompanying exhibits shall be lodged directly with the chambers of Judge Bencivengo.